## GEORGE GRAHAM v. BOROUGH OF ETNA.

Argued November 5, 1909—Decided March 4, 1910.

Where a contract for labor and material calls for the certificate of the engineer and supervisor the certificate of the engineer alone is not conclusive. The same is true when the contract provides for payment upon the completion of the work, the certificate of the engineer and acceptance by the borough. In either case the question of completion and acceptance is for the jury.

On error.

This action was brought to recover the balance due on two contracts for street improvements. The defence generally was that the work had not been performed according to the contracts and specifications and non-acceptance because of defaults and defects in this particular. At the conclusion of the testimony the trial court directed a verdict for the plaintiff for the full amount due under the contracts as certified by the engineer. Testimony offered by the defendant was also excluded on the ground that the engineer's certificate was conclusive.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and VOORHEES.

For the plaintiff in error, *Addison Ely.*

For the defendant in error, *Mackay & Mackay.*

The opinion of the court was delivered by

GARRISON, J. It was error to direct a verdict; the issues should have been submitted to the jury under proper instructions. The certificate of the engineer was not conclusive. Under the thirty-seventh clause of the contract payment is to be made upon the completion of the work, the certificate of the engineer and upon the said work being accepted by

the mayor' and council.  The certificate was not conclusive under this clause.  Under the twenty-seventh clause "all material and workmanship shall be subject at all times to the inspection and supervision of engineer and supervisor, whose decision shall be final."  The certificate of the engineer was not conclusive under this clause, which called for a joint certificate of engineer and supervisor.  The circumstance that the supervisor had resigned and that his resignation had been accepted by the defendant and no new supervisor appointed does not operate to give conclusive effect to the sole certificate of the engineer.  Where a power was given by will to be exercised by two executors or trustees, it required a statute to enable the survivor to execute the power.  The parties to this contract had set up a tribunal the constitution of which could not be altered *in invitum* by either party.  The supervisor could resign from his relation to the defendant alone, but he continued to be an essential factor of the joint tribunal.  There was, therefore, no conclusive testimony to support a direction of a verdict.  The judgment is reversed and a *venire de novo* awarded.